**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

NANCY J. VETTER, Administratrix and
Personal Representative of the Estate
of BRADY S. VETTER, III, Deceased,

       Plaintiff,

v.                                                         **CIVIL ACTION NO. 3:11-CV-2**
                                                            **(BAILEY)**

DOUGLAS EARL CARACOFE,
LIPHART STEEL CO., INC., and
NOTICE DEFENDANT, FARM FAMILY
CASUALTY INSURANCE COMPANY,

       Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART NOTICE DEFENDANT FARM FAMILY CASUALTY INSURANCE COMPANY'S MOTION TO DISMISS**

Pending before this Court is Farm Family Casualty Insurance Company's Motion to Dismiss[1] Douglas Earl Caracofe and Liphart Steel Co., Inc.'s Third-Party Complaint Against John Doe [Doc. 34]. Liphart Steel Co., Inc. ("Liphart") and Douglas Earl Caracofe ("Caracofe") filed their joint Response in Opposition to the Motion to Dismiss [Doc. 37] on May 24, 2011, and Farm Family Casualty Insurance ("Farm Family") filed its Reply [Doc. 38] on May 31, 2011. Having been fully briefed, this matter is now ripe for adjudication. For the reasons stated below, Farm Family's Motion to Dismiss Third-Party Complaint is **GRANTED IN PART** and **DENIED IN PART**.

**I. Statement of Facts and Procedural History**

This matter involves a wrongful death action arising from the death Brady S. Vetter,

---

[1] This Court notes the instant motion seeks relief pursuant to Rule 12(b)(6) and/or Rule 56 of the Federal Rules of Civil Procedure.

III, which occurred during a motor vehicle accident in Hampshire County, West Virginia. (Pl's. Cmpl., Doc. 1). Plaintiff's Complaint asserts that on May 19, 2010, defendant Caracofe was driving a 1987 Fontaine flat-bed semi-trailer loaded with steel beams in the course of his employment with defendant Liphart Steel. (Id. at ¶ 10). While driving the semi-trailer on U.S. Route 50, defendant Caracofe swerved into the eastbound lane and then swerved back into the westbound lane. (Id. at ¶ 11). As defendant Caracofe swerved back into the westbound lane, the semi-trailer lost the steel beams, which landed in the eastbound lane of traffic and into the vehicle being driven by the decedent, Mr. Vetter, III. (Id.).

Plaintiff instituted this action against defendants Caracofe and Liphart Steel and named Farm Family as the "notice defendant" pursuant to West Virginia Code § 33-6-31. Plaintiff specifically alleged and stated in her Complaint that Farm Family was only named "as it is the insurance carrier providing underinsurance under the liability portion" of the automobile policy issued to the plaintiff and in effect at the time of the accident. (Id. at ¶ 2).

The plaintiff did not assert a claim against John Doe in the Complaint. In response to receiving notice of the plaintiff's Complaint and as the underinsured motorist ("UIM") insurer, Farm Family filed an Answer [Doc. 11] acknowledging its receipt. Defendants Caracofe and Liphart Steel filed an Answer to the Complaint and asserted a Third-Party Complaint against John Doe [Doc. 12]. The Third-Party Complaint asserts that an unknown driver was operating a vehicle in such a manner as to cause defendant Caracofe to take evasive action to avoid colliding with this John Doe. (Id. at ¶ 4). Defendant Caracofe asserts the fatal accident was a direct result of defendant Caracofe's alleged evasive action

to avoid collision with John Doe. (Id. at ¶ 5). Defendants/Third-Party Plaintiffs Caracofe and Liphart Steel also asserted that because the plaintiff, Nancy Vetter, was insured pursuant to an uninsured ("UM") motorists provision contained in the Farm Family motor vehicle insurance policy issued to the decedent, they were issuing process of the Third-Party Complaint against Farm Family as if it were a party to this action pursuant to West Virginia Code § 33-6-31. (Id. at ¶ 9).

Farm Family submits that the Third-Party Plaintiffs do not have standing to assert a claim for UM motorists coverage for John Doe pursuant to the insurance policy issued to the plaintiff and, therefore, requests an Order from this Court dismissing the Third-Party Complaint against John Doe or, in the alternative, an Order stating that Farm Family is not required to appear and defend on behalf of John Doe .

## II. Applicable Law

A.    Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c); *See* **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 250 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either

party." ***Anderson***, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986).  That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial.  Fed. R. Civ. P. 56(c); ***Celotex Corp.***, 477 U.S. at 323-25; ***Anderson***, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." ***Anderson***, 477 U.S. at 249 (citations omitted).

B. Choice of Law

Because this Court is a federal court sitting in diversity, it must apply West Virginia substantive law to determine whether the plaintiff can establish the necessary causal connection in this case. ***Erie R.R. Co. v. Tompkins***, 304 U.S. 64, 78 (1938).  Where state law is unclear on an issue, this Court must interpret the law as it appears that the West Virginia Supreme Court of Appeals would.  See ***Wells v. Liddy***, 186 F.3d 505, 528 (4th Cir. 1999).  Here, the Court of Appeals has not definitively ruled on the specific issue before this Court; however, it does provide sufficient guidance for this Court to surmise how it would rule.

**III. Discussion**

**A.**

No statutory authority stands for the proposition that third-party plaintiffs can maintain a claim for uninsured motorists' coverage under a plaintiff's insurance policy. The

4

Supreme Court of Appeals of West Virginia has spoken to the issue of uninsured motorist coverage arising from claims against unknown "hit-and-run" motorists, and its limitations as to who may maintain a claim against such "John Doe" defendants:

> "West Virginia law requires every policy of automobile insurance issued or delivered in this State to include a minimum amount of uninsured motorist coverage payable to the insured as damages the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle. W. Va. Code § 33-6-31(b) (1998). Additionally, the West Virginia Legislature has specifically authorized the filing of claims to recover uninsured motorist benefits where the owner or operator of a vehicle causing bodily injury is unknown and has set forth the parameters for proceeding against a John Doe defendant. W. Va. Code § 33-6-31(e) (1998). By defining claims against an unknown owner or operator of a motor vehicle as claims under the uninsured person's uninsured motorist provisions of motor vehicle policy of insurance, the Legislature has demonstrated an intent to limit the ability to assert a claim against a John Doe defendant arising from a motor vehicle accident to claims against an injured person's own uninsured motorist policy of insurance. As the Legislature has spoken on this issue, this Court will not supercede legislative intent by recognizing John Doe claims where the Legislature has chosen not to do so. Thus, we hold that, under West Virginia law, where a person alleges injuries caused by a John Doe defendant in a motor vehicle accident, recovery for damages caused by the John Doe is limited to recovery under the injured person's own uninsured motorist policy of insurance. As Appellant is not an insured under the uninsured motorist provisions of the policy of insurance issued by [insurance company] to the [insured], the complaint against John Doe fails to state a cause of action."

**Collins v. Heaster**, 217 W. Va. 652, 557-58, 619 S.E.2d 165, 170-71 (2005).

From its unambiguous interpretation of the applicable statute, the Supreme Court of Appeals of West Virginia has made clear that "recovery for damages caused by the John Doe is **limited to recovery under the injured person's <u>own</u> uninsured motorist policy** of insurance." *Id*. at 558 (emphasis added). In this case, the defendants, rather than the insured, have asserted a claim for UM coverage for the John Doe pursuant to the plaintiff's insurance policy. This is contrary to West Virginia's statute, and the Supreme Court of Appeals has expressly denied extending coverage outside this framework. *Id*. Accordingly, this Court finds as a matter of law that the defendants cannot sustain a claim for recovery against the plaintiff's uninsured motorist policy for a John Doe defendant.

**B.**

Alternatively, the defendants have asserted a third-party claim against John Doe seeking indemnification and contribution as a joint tortfeasor in the event of a judgment. For these purposes, this Court will permit the defendants to maintain their claim against John Doe at this time. Additionally, having been granted the relief sought above, Farm Family has stated that it "is no longer in a position to request the dismissal of the Third-Party Complaint against John Doe." (Doc. 38 at 6). This Court finds the defendants have stated a plausible claim sufficient to join John Doe pursuant to Federal Rule of Civil Procedure 14 and will allow the same to proceed.

Rule 14(a) states, in pertinent part:

"At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and a complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."

While "[i]t is clear that a third-party defendant may not be impleaded under Rule 14(a) merely because he may be liable to the plaintiff," **United States v. Etley**, 574 F.2d 850 (5th Cir.), *cert. denied*, 439 U.S. 967 (1978), "Rule 14(a) states that a third party action may be maintained against one who is or may be liable to him for all or part of the plaintiff's claim." **Erickson v. Erickson**, 849 F.Supp. 453, 457 (S.D. W. Va. 1994) (Haden, C.J.) (citation omitted). This deep-seeded principle of West Virginia jurisprudence permits "one joint tort-feasor [to be] entitled to contribution from another joint tort-feasor." Syl. Pt. 3, **Haynes v. City of Nitro**, 161 W. Va. 230, 240 S.E.2d 544 (1977). Indeed, the Supreme Court of Appeals has recently stated in **Ruckdeschel v. Falcon Drilling Co., L.L.C.**, 225 W. Va. 450, 457, 693 S.E.2d 815, 822 (2010); quoting **Board of Educ. v. Zando, Martin & Milstead, Inc.**, 182 W. Va. 597, 603-04, 390 S.E.2d 796, 802-03 (1990), that:

> "[t]he fundamental purpose of inchoate contribution is to enable all parties who have contributed to the plaintiff's injuries to be brought into one suit . . . [so that] judicial economy [is] served, [and] to avoid piecemeal litigation . . .."

In asserting a John Doe claim, the Supreme Court of Appeals in **Dunn v. Doe**, 206 W. Va. 684, 689, 527 S.E.2d 795, 800 (1999), emphasized that "[t]he pivotal concern . . . is whether the John Doe vehicle sets in motion a sequence of events that is found to have proximately caused the accident for which uninsured motorist benefits are being sought. *See* **Hamric [v. Doe]**, 201 W. Va. [615,] 620, 499 S.E.2d [619,] 624 [(1997)]. Accordingly, we extend our holding in syllabus point three of **Hamric**, to rule that a close and substantial physical nexus between an unidentified hit-and-run vehicle and the insured vehicle sufficient to fulfill the physical contact requirement of West Virginia Code § 33-6-31(e)(iii)

(Supp. 1999) exists when an insured can establish by independent third-party evidence that, as a result of the immediate evasive action of a third-party taken to avoid direct physical contact with an unknown vehicle, contact between the third-party's vehicle and the insured's vehicle resulted."

Defendants/Third-Party Plaintiffs have named an "independent third-party" witness to the accident who may, through discovery, provide evidence to uncover the true identity of the John Doe. See **Roper v. Grayson**, 81 F.3d 124, 126 (10th Cir. 1996) (courts have generally recognized ability to name unidentified defendant so long as adequate description of some kind sufficient to identify the person involved so process can be eventually served). If defendants succeed in this quest, they may then seek indemnification from that individual or his/her insurance company.

## IV. Conclusion

For the reasons stated above, Farm Family Casualty Insurance Company's Motion to Dismiss Douglas Earl Caracofe and Liphart Steel Co., Inc.'s Third-Party Complaint Against John Doe **[Doc. 34]** is **GRANTED IN PART** and **DENIED IN PART**. This Court is of the opinion that any third-party claim against John Doe shall serve as neither a basis for recovery against the plaintiff's uninsured motorist policy for a John Doe defendant, nor does it require Farm Family to defend John Doe. This Court, however, will permit the third-party claim against John Doe to survive this stage of litigation pending additional discovery.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein.

**DATED:** June 13, 2011.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE